**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)**

|                          |   |                                        |
|--------------------------|---|----------------------------------------|
| DWAN BASS,               | : | Case No. 1:19-cv-00434-SJD-KLL         |
|                          | : | Judge Susan J. Dlott                   |
| Plaintiff,               | : | Magistrate Judge Karen L. Litkovitz    |
|                          | : |                                        |
| v.                       | : |                                        |
|                          | : |                                        |
| TRANS UNION LLC, et al., | : |                                        |
|                          | : |                                        |
| Defendants.              | : |                                        |
|                          | : |                                        |
|                          | : |                                        |

**STIPULATED PROTECTIVE ORDER**

This case is before the Court upon the Joint Motion for Protective Order filed by Plaintiff

Dwan Bass and Defendant Wells Fargo Bank, N.A.

To allow the parties to exchange discovery, the parties jointly ask the Court to enter a

protective order limiting the disclosure of any confidential information.

THEREFORE, in accordance with the Joint Motion of the parties and for good cause

shown, this Court enters the following order:

1.       This Order shall govern the use, handling and disclosure of all documents,

testimony or information produced or given in this action which are designated to be subject to this

Order in accordance with the terms hereof.

2.       Any party or non-party producing or filing documents or other materials in this

action may designate such materials and the information contained therein subject to this Order by

typing or stamping on the front of the document, or on the portion(s) of the document for which

confidential treatment is designated, "Confidential." "Confidential" documents include any non-

public material which may be produced in the course of discovery when there is a good faith belief

that such material contains personal and/or sensitive information, including personal financial information, personal contact information, medical information, trade secrets, sensitive commercial or propriety information, the public disclosure of which likely will have an adverse effect upon the position of that party. The parties recognize that it is the designating party's sole responsibility and burden to accurately and properly make such "Confidential" designations without abusing the parties' agreement under this Protective Order.

        3.     All depositions, including any document marked as an exhibit if designated as "Confidential" by either Party at the deposition on the record or at any time prior to the expiration of fourteen days after receipt of a deposition transcript, shall be treated as "Confidential" under the terms of this Protective Order. During the fourteen-day period, all transcripts and the information contained therein as Confidential in their entirety under the terms of this Protective Order. However, the Party making a confidentiality designation must designate the pages and sections of the transcript that are to be designated as Confidential within the fourteen-day period. All portions and exhibits to the transcript not so designated after the expiration of the fourteen-day period shall not be treated as "Confidential" subject to the terms of this Protective Order. A Party seeking to file with the Court a deposition with Confidential information enclosed shall attempt to file the original transcript under seal subject to Local Rule and Court determination. The sealed transcript shall be labeled "Confidential." All other copies of the deposition transcript and the appended documents shall be treated in all respects as any other Confidential document under this Order only for those portions which are designated as Confidential.

4.      This Stipulated Protective Order does not authorize filing under seal.  Per authority of *Proctor and Gamble v. Bankers Life Co.*, 78 F.3d 219 (6th Cir. 1996) and *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016), no document may be filed with the Court under seal without prior permission from the Court as to each document, upon motion and upon demonstrating "why the interests in support of nondisclosure are compelling, why the interests support access are less so, and why the seal [requested] is no broader than necessary[.]" *Shane Group*, 825 F.3d at 306.  Parties intending to file with the Court any information designated as Confidential shall confer with all counsel sufficiently in advance of filing so as not to delay the deadlines set by the Court. Upon entry of an order granting the motion, the documents shall be submitted to the Court under seal in accordance with S.D. Ohio Loc. R. 5.2.1.  In the event the Court does not permit or denies a party's request to file an exhibit which is designated as "Confidential" under seal, said exhibit may be immediately filed by either party and it shall no longer be treated as a "confidential document."

5.      All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including the parties' counsel, for any business, commercial or competitive purposes, or for any purpose whatsoever other than solely in connection with this litigation and in accordance with the provisions of this Order.

6.      Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior Order after notice, any document, transcript or pleading given confidential treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or

- 3 -

otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:  (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel, and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) experts specifically retained as consultants or expert witnesses in connection with this litigation; (e) fact witnesses subject to proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (f) jury members at trial; and (g) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure).

7.     Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(d) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

8.     All persons receiving any documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein and are further enjoined from using same except in connection with this litigation. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such information.

9.     Nothing in this Order shall prevent a party from using information or materials designated "Confidential."

- 4 -

10.     This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

11.     Within sixty (60) days after the final termination of this litigation and all appeals, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding one archival copy of all documents filed with the court and materials which in the good faith judgment of counsel are work product materials, shall either be destroyed by the non-producing party with a certification by counsel that the information has been destroyed, or shall be returned to the individual or entity having produced or furnished same.

12.     In the event any party to this litigation disagrees with any designation made under this Protective Order, that party shall serve written notice of such objection to the opposing party. The parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party who designated the document or information as "Confidential" desires said material to be treated as "Confidential" under this Protective order, then the designating counsel shall move this Court for an order approving Confidential treatment to the documents or information in question. If such a motion is filed, the document or information shall be kept Confidential pending ruling on the motion unless the party challenging the Confidential designation is unable to file such disputed confidential documents under seal and the Court does not enter an appropriate stay or extension of time for other pending deadlines during the pendency of such a ruling. Nothing in this Protective Order shall be interpreted as creating a presumption of confidentiality simply because a document or information has been designated as "Confidential."

- 5 -

13      Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

IT IS SO ORDERED.


**KAREN L. LITKOVITZ**
**UNITED STATES DISTRICT MAGISTRATE**
**JUDGE**

Respectfully submitted:

/s/Richard P. Gabelman (per 9/26/19 email
authority)
Richard P. Gabelman (0074642)
6701 Montgomery Road
Cincinnati, Ohio 45213
gabelmanrich@hotmail.com

*Attorney for Plaintiff Dwan Bass*

/s/Jessica E. Salisbury-Copper
Scott A. King, Trial Counsel (0037582)
Jessica E. Salisbury-Copper (0085038)
THOMPSON HINE LLP
10050 Innovation Drive, Suite 400
Miamisburg, Ohio 45342
Telephone: 937.443.6854
Facsimile:  937.443.6635
Scott.King@ThompsonHine.com
Jessica.Salisbury-Copper@ThompsonHine.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1.    I have read and understand and will comply with the provisions of the Stipulated Protective Order entered by the Court in *Bass v. Trans Union LLC, et al.*, United States District Court for the Southern District of Ohio Case No. 1:19-cv-00434-SJD-KLL.

2.    I will hold in confidence and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials designated confidential pursuant to the Stipulated Protective order.

3.    I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

4.    Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents, or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

5.    I submit to the jurisdiction of the United States District Court for the Southern District of Ohio for the purposes of enforcing the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed: _____, 20___.

_____
(Signature)

_____
(Title or Position)

_____
(Employer)

- 8 -